UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOLIE DESIGN & DÉCOR, INC. ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-05052** |
| **BB FROSCH, LLC ET AL** | **SECTION: "I" (4)** |

ORDER AND REASONS

Before the Court is Plaintiffs' **Motion for Contempt (R. Doc. 25)** seeking an order for sanctions and attorney's fees for defendants' failure to comply with the Court's earlier order. R. Doc. 21. The motion is opposed. R. Doc. 27. Oral argument was heard on December 6, 2017. For the following reasons the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     **Background**

The instant action alleges trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, injury to business reputation and trademark dilution under La. Rev. Stat. § 51:233.1, and unjust enrichment. R. Doc. 1, p. 1. Named as defendants are BB Frosch, LLC ("BB Frosch"), the JKKJKK Trust ("the Trust"), Jason Smith, and Kristin Smith.

Plaintiffs allege that Annie Sloan created Chalk Paint, a decorative paint bearing a velvety chalk matte finish, and in 2003 the CHALK PAINT trademark was adopted. Annie Sloan Interiors, Ltd. ("Annie Sloan") began selling the paint throughout the United States and elsewhere. Plaintiffs state that the trademark has been used continuously and with substantial exclusivity in interstate commerce since 2004. In addition, Plaintiffs contend that Jolie Design & Décor, Inc. ("Jolie Design") has undertaken substantial efforts and marketing expenditures to reach consumers, develop good will, and build brand association throughout the U.S. R. Doc. 1, p. 4.

Plaintiffs argue that CHALK PAINT trademark has acquired distinctiveness and represents goodwill that belongs to Annie Sloan. Further, Plaintiffs state that on October 30, 2012, the CHALK PAINT character mark was registered with the U.S. Patent and Trademark Office and on April 23, 2013, the CHALK PAINT mark in a stylized form was registered with the U.S. Patent and Trademark Office. *Id.* at p. 5.

Plaintiffs allege that BB Frosch sells a powder to use with decorative paints on two different websites and the powder uses the designation CHALK PAINT POWDER, such that it causes confusion with the CHALK PAINT brand decorative paint and dilutes the quality of the CHALK PAINT trademark. *Id.* at pp. 5-6. On March 23, 2015, the Defendants were sent a letter to cease and desist using the CHALK PAINT trademark. *Id.* at p. 6. Plaintiffs contend that BB Frosch operates under the control and direction of the Trust, Jason Smith, and Kristin Smith, who direct, control, authorize, and actively participate in the infringing acts in this case and took actions that contributed to the alleged unlawful activities in the State of Louisiana. *Id.* at 7-8.

The relief sought in this case is for an injunction against the use of the CHALK PAINT trademark by the Defendants and all their affiliations, a monetary award for the Defendants' profits for the unauthorized use of the CHALK PAINT trademark, costs and attorney's fees, and any further relief that may be just and proper, except for Plaintiffs' damages which they are not seeking. R. Doc. 1, p. 12.

The instant litigation is currently in a posture of determining whether the Court has personal jurisdiction over the Defendants. Jurisdictional discovery in this case has been on-going since a motion to dismiss for lack of jurisdiction was filed on July 12, 2017. R. Doc. 9.

On September 27, 2017, a discovery conference was held in the case in which counsel for the Defendants agreed to get his clients to sign their responses to Plaintiffs' Jurisdictional

Interrogatories. Defense counsel also agreed to produce an affidavit from his client admitting that the allegedly infringing CHALK PAINT mark exists on all the products that were sent to Louisiana. R. Doc. 21. The Court memorialized those agreements from the discovery conference in an order which states that defense counsel "agreed to get his client to sign Plaintiffs' First Jurisdictional Interrogatories," and "for the purposes of the Louisiana Sales document produced in Jurisdictional Interrogatory No. 1, Defense Counsel agreed to produce an Affidavit of his client, admitting that the allegedly infringing CHALK PAINT mark exists on all of the products that were sent to Louisiana." R. Doc. 21, p. 1. The Court ordered that "defense counsel shall have his client sign their responses to Plaintiffs' Jurisdictional Interrogatories and supplement their discovery responses" no later than October 12, 2017. R. Doc. 21, p. 3.

Plaintiffs' instant motion states that they have not received a signed copy of an affidavit stating that the CHALK PAINT mark existed on all products that were sent to Louisiana. R. Doc. 25-1, p. 4. The motion also indicates that neither the jurisdictional interrogatories nor the affidavit have been signed. R. Docs. 25-2, 3, 4, 5.

The Plaintiffs argue that because the Defendants have failed to comply with the Court's order, sanctions as well as a finding of civil contempt is appropriate. Plaintiffs also seek attorney's fees and costs, and for the Court to establish facts supporting personal jurisdiction. R. Doc. 25-1, pp. 5, 6.

Defendants filed an opposition to the motion. R. Doc. 27. In the opposition Defendants state they do not "deny their failure" to abide by the Court's earlier order and they also admit and do not deny that the Court's order existed, which required the Defendants to sign their responses to Plaintiffs' Initial Jurisdictional Inquiries as well as produce a signed affidavit admitting that the CHALK PAINT mark existed on all of Defendants' products that were sent to Louisiana. *Id.* at p.

3

1. Defendants argue that sanctions and attorney's fees should not be awarded because the Defendants lack sophistication with regards to the legal process and were overwhelmed by the financial burden incumbent with defending a lawsuit, a communication breakdown occurred between Defendants and their counsel, but there was no bad faith involved and the deficiencies have been cured. *Id.* at p. 3.

In addition, Defendants argue that no prejudice has resulted in the failure to provide timely signatures or produce an affidavit because the Plaintiffs were aware of the relevant information, it was just unsigned. Further, they argue that because the jurisdictional discovery period was extended, any delay has not created a situation were any prejudice cannot be cured. *Id.* at p. 4

Finally, defendants argue that the granting of jurisdictional discovery, and this litigation has taken an "emotional toll" on the Defendants and to punish them for not comprehending the importance of exigency weighs against the imposition of sanctions. *Id.* at p. 5. As a result, the Defendants conclude that imposition of sanctions or attorney's fees is not warranted. *Id.* at pp. 5-6.

Oral argument was held regarding this motion on December 6, 2017. During oral argument the Plaintiff produced for the Court an Amended Affidavit of Jason Smith that was provided to the Plaintiffs. Within that affidavit it states that "*some* products ordered by customers in Louisiana and delivered based on those orders contained the words 'BB Frosch Chalk Paint Powder' on the product packaging."

## II.     **Standard of Review**

Federal Rule of Civil Procedure 37 provides that a court may award sanctions against a party who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Available sanctions include directing that matters embraced in the order or other facts be taken as established for the

purposes of the action as to the prevailing party's claims, prohibiting the disobedient party from supporting or opposing designated claim or defenses, striking pleadings, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, rendering a default judgment, and treating as contempt of court the failure to obey an order. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Further, the Rule states that, "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

The party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries,* 177 F.3d 380, 382 (5th Cir. 1999). Contempt is committed when a party violates a definite and specific order of the court requiring the party "to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id*. (internal citations omitted). Further, "[t]he judicial contempt power is a potent weapon which should not be used if the court's order upon which the contempt was founded is vague or ambiguous." *Id.* at 383 (internal citations omitted).

### III.   Analysis

First, the Court issued an order on October 11, 2017. R. Doc. 21. The order memorialized a discovery conference that was conducted between the Court and the parties regarding the jurisdictional discovery occurring in the case. *Id.* The Court's order was clearly in effect in this case and the Defendants, to whom the order was directed, state that they do not deny the existence

of the Court's order. R. Doc. 27, p. 1. As a result, the first prong of the civil contempt analysis is satisfied because the Court's order was clearly in effect.

Second, the Court's order required specific conduct. The order required defense counsel, who agreed to this requirement, to get his clients to sign Plaintiffs' First Jurisdictional Interrogatories. Defense counsel also agreed to, and the Court ordered, that defense counsel would produce an affidavit from his client admitting that the CHALK PAINT mark existed on *all* the products that were sent to Louisiana. R. Doc. 21. The Defendants acknowledge in their opposition to the motion that the Court's order required the Defendants to sign Plaintiff's Interrogatories and produce a signed affidavit admitting that "the allegedly infringing CHALK PAINT mark existed on all of Defendants' products that were sent to Louisiana." R. Doc. 27, p. 1. The Court's October 11 order clearly required conduct by the Defendants in this case, conduct that the Defendants admit was required of them. Therefore, the second prong of the civil contempt analysis has also been satisfied.

Third, the Court finds that the Defendants and their counsel failed to comply with the October 11, 2017 order issued by this Court. The order in effect in this case required the Defendants to sign their responses to the Plaintiffs' Interrogatories and provide the affidavit stating that the CHALK PAINT mark existed on all of Defendants' products sent to Louisiana by October 12, 2017, at 5:00 p.m. R. Doc. 21. Plaintiffs' counsel has attached as exhibits to his motion numerous emails between himself and defense counsel seeking both the signed interrogatories and the affidavit. R. Docs. 25-2, 25-3, 25-4, 25-5. Plaintiffs' counsel on November 10, 2017, asked defense counsel to provide the signed responses and affidavits nearly a month after the deadline provided for by this Court. R. Doc. 25-5. Defense counsel responded that same day stating, "I share your concern that this has not been returned to me. I will follow up with my client again."

*Id*. After nearly a month past the deadline the Court imposed, the order had yet to be complied with by the Defendants.

In addition, during oral argument the Plaintiff provided the Court with an affidavit signed by Defendant Jason Smith from November 27, 2017. The affidavit did not comply with the Court's earlier order and what defense counsel agreed to. R. Doc. 21. Defense counsel agreed, and the order required, that an affidavit would be produced that stated the CHALK PAINT mark existed on *all* of the products sent to Louisiana. *Id.* However, the affidavit provided to the Plaintiffs stated that only some of the products sent to Louisiana had the CHALK PAINT mark. Therefore, not only did Defendants fail to comply with the Court's order by not producing what was ordered, when they did finally produce the affidavit at issue the content failed to comply with the order by not stating what defense counsel agreed to and what was required by the order. As a result, the Court finds that the third prong of the contempt analysis has been shown by clear and convincing evidence as well.

The Court finds that the Plaintiffs satisfied the burden required for a finding of civil contempt by the clear and convincing evidence standard. A court order was in effect, the order required specific conduct by the Defendants, and the Defendants failed to comply with the court order. Therefore, this Court finds the Defendants in contempt for their failure to comply with the Court's October 11, 2017 order.

The Court, therefore, orders that the Defendants provide their signatures on their responses to the Plaintiffs' First Jurisdictional Interrogatories to the extent that those signatures have still not been provided. The Court further orders that the Defendants provide a signed affidavit indicating that *all* of the products ordered by customers in Louisiana and delivered based on those orders contained the CHALK PAINT mark in compliance with the Court's earlier order and the

agreement between defense counsel and plaintiffs' counsel. The Defendants are required to comply within ten (10) days of the signing of this order.

The Court also finds that the Plaintiffs are entitled to attorney's fees and expenses associated with the motion pursuant to Rule 37(b)(2)(C). The Court, however, does not find that establishing jurisdictional facts to be appropriate. Therefore, reasonable expenses, including attorney's fees, in association with the instant motion are granted.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Motion for Contempt be **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** to the extent that the Court finds the Defendants in contempt for failing to comply with the Court's earlier order, the Plaintiffs shall be awarded reasonable expenses and attorney's fees, and the Defendants shall be required to produce signed interrogatory responses and a signed affidavit in compliance with the previous order and current order.

The motion is **DENIED** to the extent that the Court will not establish jurisdictional facts related to the motion or this litigation.

**IT IS FURTHER ORDERED** that the Defendants shall provide a signed affidavit admitting that the CHALK PAINT mark exists on all of the products that were sent to Louisiana and provide signed responses to Plaintiff's Jurisdictional Interrogatories to the extent those have yet to be signed. The Defendants are required to comply within ten (10) days of the signing of this order.

**IT IS FURTHER ORDERED** that the Plaintiffs are awarded reasonable expenses, including attorney's fees, in connection with the Motion for Contempt (R. Doc. 25).

**IT IS FURTHER ORDERED** that the Plaintiffs shall file a motion to fix attorney's fees into the record by **January 10, 2018**, along with: (1) an affidavit attesting to their attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **January 17, 2018.** The motion shall be set for submission on **January 24, 2018**, to be heard <u>without oral argument</u>.

New Orleans, Louisiana, this 27<u>th</u> day of December 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**