UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOLIE DESIGN & DÉCOR, INC. ET AL.                               CIVIL ACTION

VERSUS                                                                        No. 17-5052

BB FROSCH, LLC ET AL.                                                 SECTION I

### ORDER & REASONS

Before the Court is defendants' motion to dismiss, or alternatively to transfer, for improper venue, to dismiss for lack of personal jurisdiction, and to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss for improper venue, for lack of personal jurisdiction, and for failure to state a claim is denied, and the motion to transfer is granted.[1]

### I.

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or

---

[1] "[W]hen there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *see also Ricks v. Cadorath Aerospace Lafayette, LLC*, No. 15-6686, 2017 WL 590293 (E.D. La. Feb. 14, 2017) (Brown, J.) (considering venue before personal jurisdiction in order to avoid deciding constitutional questions regarding personal jurisdiction). In this case, it is clear that venue is improper, and it is undisputed that all defendants are subject to personal jurisdiction in the District of Nevada. Therefore, as stated herein, the Court finds that transfer in the interest of justice is appropriate. Accordingly, the Court need not resolve the constitutional question of whether it may assert personal jurisdiction over the defendants. Likewise, it need not address defendants' arguments regarding plaintiffs' failure to state a claim.

transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 577 (2013). In determining whether venue is proper, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009); *see also Kranos IP Corp. v. Riddell, Inc.*, No. 17-443, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (Gilstrap, J.) ("With this in mind, two potential sources of factual information come into play in the improper venue analysis: (1) the well-pleaded facts in a plaintiff's complaint; and (2) affidavits or evidence submitted by a defendant in support of its motion to dismiss (or by a plaintiff in response thereto).").

Once an objection to venue has been raised, "the burden is on the plaintiff to establish that the district he chose is a proper venue." *Ross v. Digioia*, No. 11-1827, 2012 WL 72703, at *2 (E.D. La. Jan. 10, 2012) (Vance, J.) (citing *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995)); *see also Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519, 519 (N.D. Tex. 1990) ("When an objection to venue has been raised, it is the [p]laintiff's burden to establish that venue is proper in the judicial district in which the action has been brought.").

The general venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a

> substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"The first two paragraphs of § 1391(b) define the preferred judicial districts for venue in a typical case, but the third paragraph provides a fallback option." *Atl. Marine*, 134 S. Ct. at 578. The third paragraph's "catchall provision does not apply where § 1391(b)(1) or (2) supplies an available venue." *Flores v. TDCJ Transitorial Planning Dep't So. Region Inst. Div.*, No. 14-283, 2015 WL 5554630, at *4 (S.D. Tex. Sept. 21, 2015).

## II.

Plaintiffs Jolie Design & Décor, Inc. ("Jolie Design") and Annie Sloan Interiors, Ltd. ("Annie Sloan") allege that defendants BB Frosch, LLC ("BB Frosch"), its members Jason and Kristin Smith, and the JKKJKK Trust sell a powder for use in decorative paints that infringes upon Annie Sloan's federally registered "chalk paint" trademark and Jolie Design's exclusive rights therein.[2] They filed the present lawsuit asserting that venue was proper in the Eastern District of Louisiana "because a substantial part of the events or omissions giving rise to the claims occurred in this district; or, in the alternative, this is a district where the defendants are subject to personal jurisdiction."[3]

---

[2] R. Doc. No. 1 ¶ 9.
[3] *Id.* at ¶ 12.

Following a period of jurisdictional discovery, defendants filed the instant motion to dismiss raising the argument, among others, that venue is improper.[4] In their motion to dismiss, defendants contend that they are not subject to personal jurisdiction in the Eastern District of Louisiana and that a substantial part of the events or omissions giving rise to the plaintiffs' claims did not occur here.[5] Though plaintiffs submitted extensive briefing on the issue of personal jurisdiction, they inexplicably failed entirely to address defendants' arguments concerning whether a substantial part of the events or omissions giving rise to their claims occurred here.[6]

At the outset, the Court notes that whether it may assert personal jurisdiction over the defendants is irrelevant for the purposes of venue in this case. The venue statute's fallback provision, § 1391(b)(3), does allow for an action to be brought in any district in which a defendant is subject to the court's personal jurisdiction. However, the provision applies "if there is no district in which an action may otherwise be brought as provided in [§ 1391(b)]." In other words, § 1391(b)(3) may only be invoked when §§ 1391(b)(1) and (2) fail to provide a viable venue. Neither party disputes that

---

[4] R. Doc. No. 33.
[5] R. Doc. No. 33-1, at 18–19.
[6] R. Doc. No. 43. In fact, plaintiffs go so far as to mischaracterize defendants' brief, incorrectly claiming that defendants did not raise the issue of whether a substantial part of the events or omissions giving rise to their claims occurred here. *See id.* at 17. ("As discussed above, Defendants are, in fact, subject to personal jurisdiction in Louisiana. Defendants have not articulated any other arguments why venue is not proper."); *see also* R. Doc. No. 33-1, at 18–19 ("Plaintiffs, then, are left with their contention that a substantial part of the events or omissions giving rise to their claims occurred in the Eastern District of Louisiana, which is easily refuted . . . .").

all of the defendants reside in Nevada.⁷ Hence, venue in the District of Nevada would be proper under § 1391(b)(1), and § 1391(b)(3), therefore, does not apply.

Accordingly, plaintiffs can only lay venue in the Eastern District of Louisiana if they can show that a substantial part of the events or omissions giving rise to their claims occurred here. The Court is not persuaded that they have made such a showing.

"To be a proper venue under Section 1391(a)(2), the chosen venue does not have to be the place where the most relevant events took place, but the selected district's contacts still must be substantial." *Ross*, 2012 WL 72703, at *3 (citing *McClintock v. School Bd. of East Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008)); *see also Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("[W]e caution district courts to take seriously the adjective 'substantial.' We are required to construe the venue statute strictly. That means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.").

"'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Miller Masonry, Inc. v. EMB Quality Masonry, LLC*, No. 13-6737, 2014 WL 5340747, at *2 (E.D. La. Oct. 20, 2014) (Milazzo, J.) (quoting *Univ. Rehab. Hosp., Inc. v. Int'l Co-Op Consultants*, No. 05-1827, 2006 WL 1098905, at *2

---

⁷ *See* R. Doc. No. 1 ¶ ¶ 4–7; *see also* R. Doc. No. 44.

5

(W.D. La. Apr. 24, 2006) (Little, J.)). Further, "[t]he vast majority of courts to address the issue—including courts in this Circuit—have held that the focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant, not on where the plaintiff later feels the economic effects of the injury."[8] *Gray Cas. and Sur. Co. v. Lebas*, No. 12-2709, 2013 WL 74351, at *2 (E.D. La. Jan. 7, 2013) (Englehardt, J.).

Defendant BB Frosch is a limited liability company formed under the laws of Nevada.[9] BB Frosch maintains its principal place of business as well as a physical

---

[8] As the Eighth Circuit noted in a trademark action:

> One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute. While the present venue statute was certainly intended to expand the number of venues available to a plaintiff, we are reluctant to impute to Congress an intent to abandon altogether the protection of defendants as a relevant consideration in venue matters. We think it far more likely that by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff. For one thing, it is not easy to know how a plaintiff's 'omissions' could ever be relevant to whether a claim has arisen. For another, while damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly.

*Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

[9] *See* R. Doc. No. 33-2.

office in Nevada.[10] BB Frosch does not maintain any property in Louisiana.[11] BB Frosch does not have any agents or employees in Louisiana, nor do its employees or agents travel to Louisiana.[12] BB Frosch owns no assets in Louisiana, and it does not maintain any licenses to transact business in Louisiana.[13]

BB Frosch maintains a website that features information about its products.[14] That website includes a list of twelve states that have a physical retail location at which BB Frosch products can be purchased.[15] Louisiana is not one of those states, and the website does not target internet users in Louisiana.[16] Similarly, BB Frosch does not advertise is products in Louisiana through any medium.[17]

The only apparent connection between BB Frosch and the Eastern District of Louisiana is the fact that BB Frosch sold its products to a small number of customers throughout Louisiana. BB Frosch admits that it made at least 43 such sales between August 14, 2014 and December 4, 2017 for less than $2,000 in revenue.[18] These sales comprise less than one percent of BB Frosch's total sales during the relevant period.

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *See id.*; R. Doc. No. 43-4, at 2. There is some dispute as to the exact number of sales. Defendants originally responded to one of plaintiffs' interrogatories stating that 50 sales of items bearing the allegedly infringing mark had occurred. Defendants later filed an affidavit in support of their motion to dismiss indicating that only 43 such sales had occurred. Whether 43 or 50 relevant sales occurred, the Court's analysis remains unchanged.

By definition, then, they are an *insubstantial* part of the events giving rise to plaintiffs' claims, and they do not suffice to establish venue.[19]

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss for improper venue, for lack of personal jurisdiction, and for failure to state a claim is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion to transfer is **GRANTED** and that, pursuant to 28 U.S.C. § 1406 and in the interest of justice, the above-captioned matter is **TRANSFERRED** to the United States District Court for the District of Nevada.

**IT IS FURTHER ORDERED** that, with the consent of counsel,[20] the defendants are ordered to pay to plaintiffs **$1,200** in attorneys' fees no later than **FEBRUARY 5, 2018** and that the defendants' motion[21] to appeal the decision of the United States Magistrate Judge as well as the plaintiffs' motion[22] for attorneys' fees are **DISMISSED AS MOOT**.

---

[19] The Court further observes that, although the parties refer at various points to the total number of sales made to persons in the entire State of Louisiana, the venue analysis calls for a much narrower inquiry. In order for venue to be proper in a given district, § 1391(b)(2), by its terms, plainly requires a substantial part of the events or omissions giving rise to a plaintiff's claim to have occurred *in that district*, not merely in the state as a whole, as might be the focus of a personal jurisdiction analysis. The Court cannot surmise from the record precisely how many sales were made to persons in the Eastern District of Louisiana, but the number may be even lower than 43 to 50, in which case laying venue here is all the more improper.
[20] *See* R. Doc. No. 44.
[21] R. Doc. No. 38.
[22] R. Doc. No. 41.

New Orleans, Louisiana, January 24, 2018.

                                              **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**