**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOLIE DESIGN 7 DÉCOR , INC., *et al.*, | Case No. 2:18-cv-00145-JAD-VCF |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | MOTION TO SET ASIDE DEFAULT [EFC NO. 84] |
| BB FROSCH, LLC, *et al.*, | |
| Defendants. | |

Now before the Court is Defendants JKKJKK Trust and BB Frosch's Motion to Set Aside Default. (ECF No. 84). For the reasons discussed below, it is recommended that the motion be denied.

**BACKGROUND**

On May 7, 2018, the Court ordered that JKKJKK Trust and BB Frosch retain counsel by June 6, 2018 and warned that the failure to do so would result in a Report and Recommendation that JKKJKK Trust and BB Frosch be defaulted. (ECF No. 70). JKKJKK Trust and BB Frosch failed to retain counsel, and the Court entered a Report and Recommendation that default be entered against them for failing to follow the Court's Order on June 8, 2018. (ECF No. 75). Later that day, attorney Kurt Smith filed a notice of appearance on behalf of JKKJKK Trust and BB Frosch. (ECF No. 76). The Court stayed the time to file an object to the Report and Recommendation pending further order of the Court. (ECF No. 77).

On June 15, 2018, Plaintiff Jolie Design & Décor filed a voluntary dismissal of the claims against all Defendants. (ECF No. 78). However, as the Court noted in its June 18, 2018 Order, "Plaintiff Annie Sloan Interiors, LTD. has not dismissed any claims against defendants." (ECF No. 81). The Court ordered

1

"any objection to the Report and Recommendation (ECF No. 75) must be filed on or before July 2, 2018." (*Id.*).

JKKJKK Trust and BB Frosch failed to file any objection to the Report and Recommendation. On July 11, 2018, the Court adopted the Report and Recommendation and entered default against JKKJKK Trust and BB Frosch. (ECF No. 82, 83). Annie Sloan Interiors has not obtained default judgment against JKKJKK Trust and BB Frosch.

On October 26, 2018, more than three months after default was entered, JKKJKK Trust and BB Frosch moved to set aside default. (ECF No. 84). JKKJKK Trust and BB Frosch assert that "[i]t was believed by Defendants and their counsel that the matter was settled as to all Parties" and JKKJKK Trust and BB Frosch "have always intended to defend this action, have viable defenses to the claims of Plaintiff, and are bringing forth this motion to Set Aside Defaults promptly and with good cause." (*Id.* at 4). In opposition, Annie Sloan Interiors argues that JKKJKK Trust and BB Frosch have failed to show good cause to set aside default. (ECF No. 87).

## ANALYSIS

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "To determine if good cause exists, the court considers: '(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.'" *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 2:16-cv-02257-JCM-CWH, 2018 WL 5499539, at *3 (D. Nev. Oct. 29, 2018) (quoting *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)). "The court has discretion to deny the motion to set aside default if any one of the three factors favor plaintiff." *SHC Holdings, LLC v. JP Denison LLC*, No. 2:17-cv-02718-KJD-PAL, 2018 WL 3186939, at *1 (D. Nev. June 26, 2018). "The burden of establishing good cause

falls on the moving party." *Saks v. Int'l Longshore & Warehouse Union-Pac. Mar. Ass'n Benefit Plans*, 637 F. App'x 282, 285 (9th Cir. 2015).

JKKJKK Trust and BB Frosch have failed to show good cause to set aside default. They engaged in culpable conduct that led to the default. First, they did not timely obtain counsel as ordered by the Court. (ECF No. 75). Second, they failed to object to the Court's Report and Recommendation, despite being given a timeline by the Court. (ECF No. 82). JKKJKK Trust and BB Frosch could not have reasonably believed that the matter was settled as to all parties—the Court explicitly stated that "Plaintiff Annie Sloan Interiors, LTD. has not dismissed any claims against defendants." (ECF No. 81). In addition, though JKKJKK Trust and BB Frosch generally assert that they have defenses to Annie Sloan Interiors' claims, "[t]o succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense… mere general denial, without facts to support it, is not sufficient." *SHC Holdings, LLC v. JP Denison LLC*, No. 2:17-cv-02718-KJD-PAL, 2018 WL 3186939, at *2 (D. Nev. June 26, 2018). Though Annie Sloan Interiors would not be prejudiced by setting aside default, the factors weigh in favor of denying the motion to set aside default.

Accordingly, and for good cause shown,

IT IS RECOMMENDED that JKKJKK Trust and BB Frosch's Motion to Set Aside Default (ECF No. 84) be DENIED.

DATED this 28th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE